E. MARTIN ESTRADA
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MIRELLE N. RAZA (Cal. Bar No. 340055)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6058
        Facsimile: (213) 894-0141
        Email:    mirelle.raza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 24-CR-00669-JAK |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT RENE FRANCISCO ABREGO'S RULE 11 PLEA |
| v. | |
| RENE FRANCISCO ABREGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Mirelle Raza, and defendant Rene Francisco Abrego ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Michael L. Brown, hereby file their joint statement regarding defendant's Rule 11 plea.

## GUILTY PLEA

1.    Defendant is pleading guilty to the single-count indictment in <u>United States v. Rene Francisco Abrego</u>, No. 24-CR-00669-JAK, which

charges defendant with Felon in Possession of Firearm, a felony violation of violation of 18 U.S.C. § 922(g)(1).

### NATURE OF THE OFFENSE

2.   Defendant understands that for defendant to be guilty of the crime charged in the single-count indictment, that is, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm; (2) the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### PENALTIES

3.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1) is: fifteen years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

4.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

    5.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

    6.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration

status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

**FACTUAL BASIS**

7.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the United States Attorney for the Central District of California (the "USAO") agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the single-count indictment:

On or about December 13, 2023, in Los Angeles County, within the Central District of California, defendant knowingly possessed a firearm, namely, a Sig Sauer, model P229, .40 S&W caliber semi-automatic pistol, bearing serial number AK12628.  The firearm had been manufactured outside the state of California and, prior to December 13, 2023, had been shipped or transported in foreign or interstate commerce to California.

At the time of defendant's knowing possession of the firearm on December 13, 2023, defendant had been convicted of, and knew he had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely:

- Attempted Robbery, in violation of California Penal Code Section 644/211, in the Superior Court for the State of California County of Los Angeles, Case Number TA125465, on or about October 19, 2012;

- Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California,

County of Los Angeles, Case Number PA078588, on or about March 27, 2014; and

- Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number B A477135, on or about April 25, 2019.

### SENTENCING FACTORS

8.    In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  The Sentencing Guidelines are advisory only.  Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range.  After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

9.    Defendant and the USAO have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific offense characteristics, adjustments, and departures under the Sentencing Guidelines or defendant's criminal history category.

### WAIVER OF CONSTITUTIONAL RIGHTS

10.   Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.    The right to persist in a plea of not guilty.

   b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

//
//
//
//
//
//
//
//
//
//

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: December 10, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
MIRELLE RAZA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December _17_, 2024          _____
MICHAEL L. BROWN
Attorney for Defendant
RENE FRANCISCO ABREGO